IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CYNTHIA RICKER,

       Plaintiff,              :        Case No. 3:04-cv-343

   -vs-                                        Chief Magistrate Judge Michael R. Merz

                           :

DAYTON CORRECTIONAL
 INSTITUTE,

       Defendant.

**DECISION AND ORDER**

This case is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 15), Plaintiff's Response (Doc. No. 17), and Defendant's Reply (Doc. No. 18).  The case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. §636(c)(Doc. No. 5).  The case is presently set for trial to the Court on January 16, 2007.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States*

*v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.,* 260 F.3f 574, 581 (6th Cir. 2001). "Materiality is determined by the substantive law claim." *Boyd v. Baeppler,* 215 F.3d 594, 599 (6th Cir. 2000). An issue is genuine

if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.,* 14 F.3d 1143, 1148 (6th Cir. 1994), quoting *Anderson,* 477 U.S. at 248. Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala,* 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman,* 234 F.3d 945, 951 (6th Cir. 2000), *rev'd on other grounds,* 536 U.S. 639 (2002). Thus, a factual dispute which is merely colorable or is not significantly probative will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied* 510 U.S. 976 (1993); *see also, Int'l Union United Auto., Aerospace & Agriculture Implement Workers of America v. BVR Liquidating, Inc.,* 190 F.3d 768, 772 (6th Cir. 1999), *cert. denied* 529 U.S. 1076 (2000).

The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street,* 886 F.2d at 1479. A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson,* 477 U.S. at 252. If, after sufficient opportunity for discovery, the non-moving party is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.,* 477 U.S. at 322-23.

The party who bears the burden of proof must present a jury question as to each element of the claim. *Davis v. McCourt,* 226 F.3d 506, 511 (6th Cir. 2000). Failure to prove an essential element of a claim renders all other facts immaterial for summary judgment purposes. *Elvis Presley Enterprises v. Elvisly Yours, Inc.,* 936 F.2d 889, 895 (6th Cir. 1991).

## Analysis

Plaintiff Cynthia Ricker brought this action under Title VII of the 1964 Civil Rights Act to complain of racial discrimination in employment (Complaint, Doc. No. 1). Most of the facts on which Defendant relies are taken from Plaintiff's deposition. Ms. Ricker was first employed by Defendant Dayton Correctional Institution[1] ("DCI") as a corrections officer in 1987. She later moved to the administrative side of DCI as a purchasing agent. In November, 2002, she applied for but did not receive a promotion to Personnel Officer 2 ("PO2"), a position vacated at that time by the retirement of Mary Christian.

There were some thirty-seven applicants for the job. According to Defendant, "candidates were screened and scored based upon their experience stated on their resumes and/or application [sic] as it related to the requirements of the PO2 position. The top three scorers from this screening process were Leslie McCall, Patrick Crock, and [Cynthia] Ricker, in that order." (Defendant's Memorandum, Doc. No. 15, at 3). The appointing officer, Warden Lawrence Mack, did not interview candidates, but "followed his usual practice and talked with the supervisor of the department," Deborah Birdsong. *Id*. Ms. Birdsong had been supervising Ms. Ricker for approximately ten years while Ms. Ricker worked in the personnel office as an Account Clerk 2. *Id*. Warden Mack avers by Affidavit that he selected Ms. McCall because she was "the best candidate for the position," considering both the screening process and his conversation with Ms. Birdsong.

Plaintiff asserts and Defendant admits that Ms. Birdsong was one of the three scorers on the applications and that she did not award Ms. Ricker either a point for the category "experience and/or training in preparing position descriptions" or for the category "experience and/or training in

---

[1] The Court understands that the true party in interest Defendant is the State of Ohio which operates the Dayton Correctional Institution through its Department of Rehabilitation and Corrections.

preparing personnel actions." *Id*. She did award a point in each of these two categories to Ms. McCall and Mr. Crock. The other two raters of the top three candidates gave points in each of these categories to all three of the top candidates. Thus Ms. McCall, an African-American female, ended up with 27 points, Mr. Crock had 26, and Ms. Ricker had 25. According to Ms. Birdsong's Affidavit,

> Ms. Birdsong, as the Personnel Officer 3, had the most knowledge regarding the duties Ricker had performed while she was an employee in the personnel office. She knew that Ricker had not processed personnel actions and had not written position descriptions. (Birdsong Affidavit ¶3). Ms. Birdsong did not award Ricker points for those categories because Ms. Birdsong knew that Ricker had not performed those duties or had training to do those duties. (Birdsong Affidavit ¶3).

*Id*. at 4. Ms. Birdsong's Affidavit does not say why she awarded points to McCall and Crock for these two categories. Plaintiff avers that she was doing Mary Christian's job at the time and so did have experience in these two job duties. She also avers that Mr. Crock was doing the same job at the Montgomery County Education and Pre-Release Center, another DHRC facility in Dayton.

Defendant correctly points out that Plaintiff has not offered any direct evidence of racial discrimination. In a Title VII case in the absence of direct evidence, the employee has the initial burden of producing evidence of a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 61 L. Ed. 2d 207 (1981); *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 548 (6th Cir. 1991); *Gagne v. Northwestern Nat. Ins. Co*., 881 F.2d 309 (6th Cir. 1989). The burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *McDonnell Douglas, supra; Burdine, supra.* However, the burden remains on the employee throughout the case to prove by a preponderance of the evidence that he or she was the victim of intentional discrimination. *Burdine,*

*supra.; St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

> To set forth a prima facie case of discrimination based on a failure to promote, plaintiffs must show: (1) they are members of a protected class; (2) they applied and were qualified for promotion; (3) they were considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions. *Sutherland v. Michigan Dep't of Treasury, 344 F.3d 603, 614* (6th Cir. 2003). Additionally, in cases of "reverse discrimination" where, as here, plaintiffs are not members of a protected class, this court has held that the plaintiff must demonstrate "background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Zambetti v. Cuyahoga Cmty. College,* 314 F.3d 249, 255 (6th Cir. 2002) (quoting *Murray v. Thistledown Racing Club, Inc.*, 770 F.2d 63, 67 (6th Cir. 1985)) (alteration omitted); see also *Sutherland*, 344 F.3d at 614-15.

*Grizzell v. City of Columbus Div. of Police,* 461 F.3d 711, 719 (6th Cir. 2006). The *Grizell* opinion just quoted makes it clear that some showing that the employer is the "unusual employer" who discriminates against the majority must be made as a part of Plaintiff's prima facie case. No such showing has been made here. While perhaps some suspicion might arise from an African-American supervisor's giving her African-American friend a perfect score in the ratings[2], Ms. Birdsong is not the employer. Plaintiff has offered no proof that the State of Ohio generally or the Department of Rehabilitation and Corrections or even DCI regularly or often discriminates against whites and in favor of African-Americans. Some proof sufficient to found a suspicion that such is the case is required as part of Plaintiff's prima facie case and is not present here.

Because Plaintiff has failed to present evidence sufficient to support a prima facie case under McDonnell-Douglas, there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. Defendant's Motion for Summary Judgment is granted. The Clerk will enter

---

[2]The Court is not saying it entertains such a suspicion, but merely that if a reasonable factfinder did entertain such a suspicion, it would be ultimately irrelevant.

judgment dismissing the Complaint herein with prejudice.

December 14, 2006.

                                                  s/ Michael R. Merz
                                     Chief United States Magistrate Judge